## Drexel, etc., v. Haas et al.

*Charles J. Margiotti*, Attorney General, *Elmer T. Bolla*, Deputy Attorney General, for defendant.

*James J. Regan, Jr.*, and *LeRoy W. Householder*, for plaintiff.

RICHARDS, P. J., October 20, 1950.—Plaintiff operates a private trade school in Philadelphia, known as the National Optical School. By this complaint he seeks to restrain defendants from collecting from him an annual license for conducting the school, and prays that defendants be required to return to him three renewal license fees aggregating $75. By amendment, the bill further challenges the constitutionality of the act on the ground that the license fee is excessive, bearing no reasonable relation to the cost of enforcing the act, and that as a consequence it deprives him of property without due process of law. Upon presentation of the bill a

rule was granted upon defendants to show cause why a preliminary injunction should not issue as prayed for. An answer was filed to the bill as amended. This answer controverted the above legal contentions but did admit some of the facts as pleaded. A hearing was held before President Judge J. Paul Rupp on March 28, 1950, at which time some testimony was adduced. Thereafter the case was argued. In the meantime Judge Rupp became ill and is not yet able to resume his duties. The parties have accordingly agreed that the case be disposed of in his absence.

### Findings of Fact

1. Plaintiff, Harry E. Drexel, operates a trade school in Philadelphia, Pa., known as the National Optical School.

2. On February 19, 1946, plaintiff was granted an original license to conduct the trade school, having paid a license fee of $50.

3. Renewal licenses were issued to plaintiff on July 1st of 1946, 1947 and 1948, for each of which he paid a license fee of $25.

4. Plaintiff has refused to apply for a renewal license for the fiscal year beginning July 1, 1949, and has refused to pay the renewal fee of $200 required by the amendment of 1949.

5. From July 1, 1949, to March 20, 1950, 412 private trade schools were licensed to operate in Pennsylvania

6. The total license fees received from schools during this period was $81,700.

7. The expenditures of the Department of Public Instruction made in connection with the activities of the State Board of Private Trade Schools for the period June 1, 1949, to March 20, 1950, total $39,870.

8. The estimated expenditures from June 1, 1949, to May 31, 1950, are $49,331.

9. The annual budget for private trade schools is $65,000.

10. The State Board of Private Trade Schools has plans for extensive and more stringent inspection and regulation of private trade schools entailing additional expense in a substantial but uncertain amount.

*Discussion*

The Act of May 2, 1945, P. L. 401, deals with the regulation of private trade schools. It became effective on May 2, 1945. Section 4 provides that 180 days thereafter it shall be unlawful to operate such a school without a license. Section 7 imposes a $50 license fee for an original license and a $25 license fee for the renewal thereof. Section 9 requires that the current approved license be displayed. Section 10 allows an appeal from refusal to issue a license or from a refusal to renew the same. Section 1(3) defines annual to mean "the fiscal school year from the first day of July to the following thirtieth day of June, inclusive".

To us it is clear that the license is granted for a fiscal school year. An original license runs to the end of a fiscal school year. At the end thereof it must be renewed. This interpretation gives meaning to the term *current* license. The current license is the one under which the school is being operated. The term implies the necessity of a license for the current period, which is the current school year. Were we to hold, as plaintiff contends, that an original license confers a permanent right to operate the school, the provisions relating to the renewal of licenses, and to the display of the current license, would have little if any significance.

The Act of 1945 was amended by the Act of June 25, 1947, P. L. 916. However, there is nothing in the 1947 Act which has any bearing on this case. It was amended again by the Act of May 9, 1949, P. L. 1008. This amendment increases both original and renewal license

fees to $200 each. New matter is then added, in section 7, which is significant:

"When an application for a license is submitted after the beginning of the seventh month of the *license year*, the license fees shall be one-half (½) of the *annual license fee*." (Italics supplied.)

This is perfectly consistent with our interpretation and evidences the legislative intent that a fee shall be paid annually for a fiscal school year.

On this aspect of the case we hold that a license must be obtained for each fiscal school year, or part thereof, during which the private trade school is being operated. There remains for consideration the reasonableness of the license fees imposed by the Act of 1949. It is contended that they are greatly excessive, and produce an amount which far exceeds the requirements of enforcing the act. The testimony is in some respects not explicit. This is because of variance in the fiscal year established by the act, and the fiscal year of the department charged with enforcement, and because one full year had not yet elapsed under the new act when the testimony was presented. What we have, however, shows fees aggregating $81,700 and expenditures of $39,870 for part of a departmental fiscal year. The estimated expenses for a full year are $49,331. The annual budget is $65,000. Upon any hypothesis, therefore, income exceeds outgo in an amount between $16,-700 and $32,369. In view of the plans for extended inspection and enforcement, involving uncertain expense, and allowing for contingencies, this does not seem to be an excessive margin. We cannot conclude, therefore, that the fees are exorbitant or unreasonable.

### Conclusions of Law

1. The Act of May 2, 1945, P. L. 401, and the amendments of June 25, 1947, P. L. 916, and May 9, 1949,

P. L. 1008, each require the payment of a license fee for a fiscal school year.

2. The license may be an original license or a renewal license, depending upon circumstances.

3. An original license covers only the fiscal school year for which it was issued.

4. The license fees prescribed by the Act of 1949 have not been shown to be unreasonable.

5. The total of the license fees received under the Act of 1949 is not grossly excessive or disproportionate to the expense involved in enforcing the provisions of the act.

6. Plaintiff has not been deprived of any property without due process of law.

*Decree Nisi*

And now, to wit, October 20, 1950, the bill is dismissed at the cost of plaintiff, unless exceptions hereto be filed within the time limited by law.